**In re PAD ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 684–07449–R7.**

United States Bankruptcy Court, D. Oregon.

March 26, 1992.

Thomas A. Huntsberger, Ackerman, DeWenter & Hunter, P.C., Springfield, Or., trustee.

Allen E. Gardner, Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene, Or., for debtor.

David Williams, Office of Legal Counsel, Eugene, Or., for Lane City Dept. of Assessment.

Ronald C. Becker, Hershner, Hunter, Moulton, Andrews & Neill, Eugene, Or., for FDIC.

Larry J. Anderson, Eugene, Or., for Fred Beckley.

John A. Wolf, Speer, Jones, Poppe & Wolf, P.C., Eugene, Or., for Dan Wingard.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court upon the trustee's final report and application for compensation; application for final distribution of estate funds and U.S. Trustee's certification.

## BACKGROUND

The history of this case is long and cheerless. The debtor filed a petition under Chapter 11 herein, on April 4, 1984. Eventually, a Chapter 11 plan was proposed by creditors, Fred C. Beckley, William Ross and Melba Ross (the plan creditors). On February 27, 1987 this court entered an order confirming the plan.

The plan which was confirmed by the court was predicated upon a 1985 sale of the debtor's commercial properties to Si-

gurd Frohlich for $550,000. The plan provided for full payment of all allowed administrative expenses, secured and priority claims and for an approximate 38% dividend to unsecured creditors.

Mr. Frohlich failed to make the payments due under the 1985 sale and the plan creditors were required to foreclose and take possession of the debtor's two commercial parcels of real property located at 3355 and 3365 East Amazon, Eugene, Oregon. The plan creditors were never able to resell either of the properties. Over time, the market value of each property declined and secured claims against each property increased to the point where, by the time this case was converted to a case under Chapter 7 of the Bankruptcy Code, the secured claims far exceeded the market value of the properties. While this case was in Chapter 11, real property taxes against the two properties continued to accrue, but were not paid.

On November 5, 1990 this court entered an order converting this case to a case under Chapter 7 of the Bankruptcy Code. Thereafter, the court approved the sale of the two parcels of property free and clear of liens, (*See* amended order approving sales of property free and clear of liens entered April 30, 1991). That order provided that after payment of the costs of sale, the balance of the sale proceeds would be held by the trustee pending further order of the court and that liens would attach to the proceeds to the same extent as to the real property itself.

On July 17, 1991 the trustee filed his notice of final account and recommendation for distribution of the funds of the estate that he was holding. A summary of the account is as follows:

Receipts

Cash

| | | |
|---|---|---|
| Sale proceeds—3355 E. Amazon | $ 150,696.97 | |
| Sale proceeds—3365 E. Amazon | 88,269.51 | |
| Cash on hand | 3,281.73 | |
| Utility refund | 1,665.84 | |
| **Total Cash** | **$ 243,914.05** | |

Non-cash

| | | |
|---|---|---|
| Note—3355 E. Amazon | $ 50,000 | |
| Note—3365 E. Amazon | 22,000 | |
| **Total Non-cash** | **$ 72,000** | |

**Total Receipts**      **$ 315,914.05**

Disbursements

| | | |
|---|---|---|
| Expenses of sale—3355 E. Amazon | $ 15,012.56 | |
| Expenses of sale—3365 E. Amazon | 7,899.05 | |
| Utilities, security and insurance | 4,717.77 | |

**Total Disbursements**      **$ 27,629.38**

**Balance on hand**      **$ 288,284.67**

Claims

Priority—Chapter 7—Administrative Expenses
    Applications for Compensation (Fees & expenses, unpaid)

| | | |
|---|---|---|
| Trustee | $ 4,535.84 | |
| Trustee's attorney | 6,130.01 | |
| **Total** | **$ 10,665.85** | |
| Clerk U.S. Bankruptcy Court | 153.50 | |

**Total—Chapter 7—Administrative Expenses**      **$ 10,819.46**

Priority—Chapter 11—Administrative Expenses

Applications for Compensation (Fees & expenses, unpaid)

| | |
|---|---|
| Lombard, Gardner, et al. | $ 10,043.52 |
| Larry Anderson | 52,187.00 |
| David Ramstead | 10,749.65 |
| **Total** | **$ 72,980.17** |

| | |
|---|---|
| Clerk—U.S. Bankruptcy Court | $ 258.00 |
| IRS | 43,349.81 |
| Oregon Department of Revenue | 4,832.49 |
| Oregon Employment Division | 4,764.35 |
| Irene McDonald/Donald Furtick | 55,820.14 |
| **Total** | **$109,024.79** |

**Total—Chapter 11—Administrative Expenses**  **$ 182,004.96**

Post petition real property taxes
Lane County, Oregon  **$ 105,256.65**

Secured Claims

| | |
|---|---|
| FDIC | 90,217.46 [1] |
| Daniel Wingard | 21,719.75 [2] |
| Annette Block | 83,700.00 [3] |
| William & Melba Ross | 146,560.58 [4] |
| Fred Beckley | 101,316.73 [5] |

**Total—Secured Claims**  **$ 443,514.52**

---

The trustee proposes, pursuant to 11 U.S.C. § 724(b), to subordinate the real property tax claims of Lane County to all Chapter 7 and Chapter 11 administrative expense claims allowed by the court under 11 U.S.C. §§ 503(b) and 507(a)(1). The trustee then proposes a distribution scheme for the remaining funds of the estate.

In the alternative, if subordination of the real property tax claims of Lane County is denied, the trustee proposes that the allowed Chapter 7 administrative expenses be charged against the interests of secured creditors in each property pursuant to 11 U.S.C. § 506(c).

Lane County, Oregon (the county) filed objections to the trustee's final report, opposing the subordination of its real property tax claims pursuant to 11 U.S.C. § 724(b). FDIC has filed an objection to the trustee's proposed alternative treatment to charge Chapter 7 administrative expense claims against secured claimants pursuant to 11 U.S.C. § 506(c).

A hearing was held on August 27, 1991 concerning these matters. This court entered an order herein on September 4, 1991 resulting from that hearing in which applications for allowance filed on behalf of certain professionals, including the trustee and his attorney, were allowed as administrative expense claims, the county's objection to the sale of estate property free and clear of liens based on constitutional grounds was denied and any ruling based on the request of any administrative ex-

1. Plus $17.18 per diem interest from 2/17/91.

2. Plus $3.39 per diem interest from 3/15/91.

3. Plus $15.00 per diem interest from 3/15/91.

4. Plus $28.76 per diem interest from 3/15/91.

5. Plus 18% interest from 6/12/89.

pense claimant to charge their claim against the claims of one or more secured creditors under 11 U.S.C. § 506(c) was deferred pending a decision as to whether or not the real property tax claims of the county would be subordinated pursuant to 11 U.S.C. § 724(b).

## ISSUE

The sole issue to be resolved by this opinion is whether or not the trustee can utilize the provisions of 11 U.S.C. § 724(b) to subordinate the county's claim for real property taxes to pay Chapter 7 and Chapter 11 administrative expense claims in this case.

## DISCUSSION

All statutory references are to the Bankruptcy Code, Title 11 United States Code, unless otherwise indicated.

The county contends that its claim for post-petition real property taxes is an administrative expense claim pursuant to § 503(b)(1)(B). Accordingly, the county's claim cannot be subordinated to itself. In addition, the county claims that § 724(b) only applies to pre-petition, secured tax claims.

The trustee contends that a plain reading of § 724(b) does not indicate that its application should be limited to pre-petition, secured tax claims. The trustee does concede that in order for § 724(b) to be applicable, the property in question must be subject to an unavoidable tax lien which secures the tax claim.

Under Oregon law, real property taxes constitute a lien against the real property that is assessed. *See* O.R.S. 311.405.

■ Section 362(a)(4) prohibits "any act to create, perfect, or enforce any lien against property of the estate;" Accordingly, the county's right to create, or enforce any lien for post-petition property taxes against property of the estate is interdicted by the filing of the bankruptcy petition. *Perpetual American Bank, FSB, et al. v. District of Columbia, (In re Carlisle Court, Inc.)*, 36 B.R. 209 (Bankr.D.C.1983). Post-petition real property tax claims can

be secured by liens against estate property only if the court grants such liens as part of providing adequate protection to the county pursuant to §§ 361, 363, and 364. Here, the county never sought, nor was it ever granted, adequate protection. in the form of liens against estate property.

Section 724(b) provides as follows:

(b) Property in which the estate has an interest and *that is subject to a lien that is not avoidable under this title and that secures an allowed claim for a tax*, or proceeds of such property, shall be distributed—

(1) first, to any holder of an allowed claim secured by a lien on such property that is not avoidable under this title and that is senior to such tax lien;

(2) second, to any holder of a claim of a kind specified in section 507(a)(1), 507(a)(2), 507(a)(3), 507(a)(4), 507(a)(5), or 507(a)(6) of this title, to the extent of the amount of such allowed tax claim that is secured by such tax lien;

(3) third, to the holder of such tax lien, to any extent that such holder's allowed tax claim that is secured by such tax lien exceeds any amount distributed under paragraph (2) of this subsection;

(4) fourth, to any holder of an allowed claim secured by a lien on such property that is not avoidable under this title and that is junior to such tax lien;

(5) fifth, to the holder of such tax lien, to the extent that such holder's allowed claim secured by such tax lien is not paid under paragraph (3) of this subsection; and

(6) sixth, to the estate.

(emphasis added)

Section 724(b), in essence, allows the trustee to utilize any proceeds which would otherwise be available to satisfy the tax lien to pay, first, those claims which would be prior to the tax claim for distribution purposes as specified in §§ 507 and 726.

■ Here, as conceded by the trustee, the application of § 724(b) requires that the estate have an interest in property that is subject to an unavoidable lien which se-

**520**

cures a tax claim. Since the county was prevented from securing its post-petition, real property tax claims with such a lien in this case, the county's post-petition, real property tax claims, as noted in the trustee's final account, are not secured by a lien on property of the estate. Accordingly, § 724(b) has no application. This court need not decide whether § 724(b) might apply to post-petition tax claims if a lien had been granted to the county in this case.

Section 503(b)(1)(B) allows an administrative expense claim for "any tax—*incurred by the estate*, except a tax of a kind specified in § 507(a)(7) ..." (emphasis added). The § 507(a)(7) exclusion refers only to property taxes assessed before the commencement of the case, *See* § 507(a)(7)(B).

Accordingly, pursuant to § 503(b)(1)(B), the county's claim for post-petition, real property taxes is an administrative expense claim. *In re Mansfield Tire & Rubber Company,* 85 B.R. 437 (Bankr.N.D.Ohio 1987); *In re Carlisle Court, Inc., supra.*

### CONCLUSION

The trustee may not use § 724(b) to subordinate Lane County's claim for post-petition, real property taxes to the payment of administrative expense claims in this case, such tax claims are properly characterized as an administrative expense claim, not as a secured claim. In addition, there is no tax lien which may be used, by the trustee, to pay administrative expense claims.

Given the magnitude of the secured claims as indicated in the trustee's final account, the only way in which any administrative expense claimant may hope to receive payment is through the application of § 506(c). Accordingly, further proceedings shall be had so that any administrative expense claimant may seek to establish its claim pursuant to § 506(c).

This opinion shall constitute the court's findings of fact and conclusions of Law; they shall not be separately stated. An order consistent herewith shall be entered.